COPY



COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

**PAULETTE ABERNATHY**
**PLAINTIFF**

-- vs --

**CITY OF CINCINNATI**
**DEFENDANT**

Use below number on
all future pleadings

No. **A 2401224**
SUMMONS

CITY OF CINCINNATI
%EMILY WOERNER SOLICITOR       **D - 1**
801 PLUM ST ROOM 214
CINCINNATI OH 45202

You are notified
that you have been named Defendant(s) in a complaint filed by

**PAULETTE ABERNATHY**
**%JON R SINCLAIR**
**810 SYCAMORE ST**
**CINCINNATI OH 45202**

Plaintiff(s)

in the Hamilton     **COMMON PLEAS CIVIL Division,**
County,
**PAVAN PARIKH, 1000 MAIN STREET  ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required
to
file a Notification Form to receive notice of all future hearings.

**If you fail to appear and defend, judgement by default will be rendered**
**against you for the relief demanded in the attached complaint.**

Name and Address of attorney
JONATHAN R SINCLAIR
810 SYCAMORE ST
CINCINNATI       OH      45202

**PAVAN PARIKH**
Clerk, Court of Common Pleas
Hamilton County, Ohio

By  **RICK HOFMANN**
Deputy

Date:  **March 15, 2024**

D140986088

**EXHIBIT A**

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| **PAULETTE ABERNATHY,** c/o Jon R. Sinclair 810 Sycamore Street Cincinnati, Ohio 45202     Plaintiff     vs | :: :: :: | CASE NO. **A2401224** JUDGE |
| **CITY OF CINCINNATI,** c/o Emily Woerner, Solicitor 801 Plum Street, Room 214 Cincinnati, Ohio 45202     and | :: | **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |
| **ROBIN CALHOUN** c/o Emily Woerner, Solicitor 801 Plum Street, Room 214 Cincinnati, Ohio 45202     In her official capacity and     individual capacity | :: | **JURY DEMAND** |
| **Defendants** | :: | |

COPY FILED
CLERK OF COURTS
HAMILTON COUNTY

MAR 14 2024

COMMON PLEAS COURTS

NOW COMES THE PLAINTIFF, Paulette Abernathy, by and through counsel, and for her complaint against defendants states as follows,

I.     JURISDICTION, VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.     This action is filed pursuant to 42 U.S.C. § 1983 and violations of Ohio state laws and the Ohio and United States constitutions. This court has concurrent jurisdiction over 42 U.S.C. 1983 actions.

2.     Venue is proper in this Hamilton County since the facts giving rise to the cause of actions take place in this County and some or all of the Defendants are found in or reside in this Hamilton County.

3.     Plaintiff has exhausted any available administrative appeal.

II. PARTIES

1

4. At all times mentioned herein, plaintiff Paulette Abernathy (hereinafter "Abernathy"), is and was a resident of Hamilton County, Ohio.

5. At all times mentioned herein, defendant, City of Cincinnati, (hereinafter "City"), is and was a chartered municipal corporation in the state of Ohio, Hamilton County.

6. At all times mentioned herein, defendant, Robin Calhoun, (hereinafter "Calhoun"), is and was at all times material hereto an enforcement officer and an employee of the City of Cincinnati. Defendant Calhoun at all times herein was acting under color of law.

IV. FACTS CONSTITUTING CLAIMS FOR RELIEF

7. Paulette Abernathy is a tenant in a residence located at 7869 Newbedford Ave, Apt 2, Cincinnati, Ohio 45237, at all times cited in this complaint.

8. On or about January 22, 2024, a Notice of Violation Letter addressed to Tranquility Breeze LLC was placed on Plaintiff's white 1998 Honda Accord VIN 1HGCG5545WA062712 ("Vehicle" herein).

9. The Violation Letter stated that there was a violation of Cincinnati Municipal Code 511-31, to wit "unlicensed/inoperable" parked on private or commercial property.

10. The Violation Letter stated that the owner or person responsible for the above named premises must correct the "violation(s)" no later than February 6, 2024 by removing all "inoperable/unlicensed" vehicles from the premises.

11. On or about February 5, 2024, Plaintiff renewed the expired registration of her Vehicle.

12. On or about February 12, 2024, Plaintiff spoke on the phone with Defendant Calhoun ("Calhoun"). Plaintiff told Calhoun that she had obtained current tags for her Vehicle.

13. Ms. Calhoun acknowledged to Plaintiff that the new tags had been obtained for the Vehicle but told Plaintiff she was not in compliance unless Plaintiff drove the automobile to demonstrate to Calhoun that the vehicle operates.

14. Plaintiff responded to Defendant Calhoun, stating she had no obligation to demonstrate to the inspector that her car operates. Calhoun responded that if Plaintiff did not demonstrate the car operates then Calhoun would have the car towed.

15. On or about February 14, 2024, the Vehicle of Plaintiff was removed from the premises at the order of Defendant Calhoun under color of state law using a tow truck.

16. Calhoun removed and seized the vehicle in malicious purpose, in bad faith, or in a wanton or reckless manner due to Plaintiff's refusal to comply with the inspector's order to drive the car.

2

17. The seizure of the Vehicle was unreasonable. The seizure of the Vehicle was arbitrary and capricious action of Defendants.

18. The seizure of the Vehicle by Defendant City of Cincinnati was pursuant to policy or custom under color of the Cincinnati junk vehicle ordinance, without adequate procedural rights.

19. The seizure of the Vehicle by Cincinnati Municipal Code ("CMC") Sec. 511-31 and Chapter 758 was not justified by a sufficient purpose.

20. The car was taken by the Defendant Calhoun and City of Cincinnati in violation of CMC Sec. 511-31 and Sec. 758-2. The Vehicle does not meet the definition of a Junk Motor Vehicle as defined by CMC Sec. 758-2.

21. Defendant Calhoun acted with malicious purpose, in bad faith, or in a wanton or reckless manner and failed to comply with CMC Chapter 758, including Sec. 758-4, which includes notice provisions and the opportunity for a hearing by the vehicle owner.

22. Defendants seized the Vehicle even though the car has a fair market value greater than $1,500.00.

23. On or about February 14, 2024, Calhoun stated there is no post-seizure remedy for return of the Vehicle and it has been permanently disposed.

24. Plaintiff was not been afforded a post-seizure opportunity to contest the vehicle seizure.

25. Plaintiff has requested the return of the vehicle and Defendants have denied the request.

COUNT ONE

(Conversion)

26. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

27. Defendant Calhoun, individually and as agent on behalf of defendant City, removed the Vehicle belonging to Plaintiff without Plaintiff's permission, thereby denying Plaintiff from any use and/or enjoyment of such personal property.

28. Defendant Calhoun, individually and as agent on behalf of defendant City, took and exercised dominion and control over the Vehicle, wrongfully obtaining possession of the same.

29. Plaintiff maintains superior right to possession and title of the Vehicle and Defendants acted in derogation of plaintiff's rights and title.

3

30. Plaintiff has thus been harmed and otherwise injured as a direct and proximate cause of defendants' acts and omissions.

COUNT TWO

(Violation of Due Process)

31. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

32. Defendants had no reasonable belief that Plaintiff's Vehicle was a Junk Motor Vehicle, and acted arbitrarily and capriciously to remove it.

33. Defendants afforded no hearings to plaintiff before or after the seizure of plaintiff's vehicle. Defendant Calhoun exercised the seizure with malicious purpose, in bad faith, or in a wanton or reckless manner.

34. At no time has Plaintiff been provided with any notice of a hearing wherein she could contest the seizure of her automobile, pre-seizure and post-seizure.

35. As a direct and proximate cause of these events, plaintiff was deprived of her vehicle without due process of Ohio law and Ohio and Federal Constitutions.

COUNT THREE

(42 U.S.C. § 1983 Civil Rights Violations)

36. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

37. Defendants City of Cincinnati and Calhoun seized plaintiff's automobile acting under color of state law, claiming to exercise authority based on Chapter 758 and Sec. 511-31 of the Cincinnati City Code.

38. Plaintiff's property was seized with an arbitrary and capricious basis, and actionable under 42 U.S.C. § 1983 as state action.

39. Defendant Calhoun's acted unreasonably in her actions to seize Plaintiff's vehicle.

40. Defendant Calhoun's conduct was deliberate and intentional, with malicious purpose, in bad faith, or in a wanton or reckless manner.

41. At all times relevant hereto the City of Cincinnati had an official policy or custom of seizing vehicles that serve to deprive an individual his or her constitutional rights.

42. Defendants' actions were in derivation of plaintiff's substantive and procedural due process and property rights secured by Article 1 of the Ohio Constitution and the 4th, 5th, and 14th Amendments of the Constitution and laws of the United States. Plaintiff has a right to be secure in her property and possessions and not deprived of such property without due process of law.

43. As a direct and proximate result of this conduct, Plaintiff suffered actual damage.

COUNT FOUR

(Cincinnati Code Sec 511-31 and Chapter 758, Unconstitutionally Void for Vagueness)

44. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

45. CMC Sec. 511-31 "Storage of Unlicensed or Inoperable Vehicles" and CMC Chapter 758 is unconstitutionally void for vagueness.

46. The language throughout CMC Chapter 758 and Sec 511-31 fail to define Junk Motor Vehicle with sufficient particularity so that an ordinary person can reasonably understand the conduct or vehicles which are being prohibited.

47. Various portions of CMC Chapter 758 are unconstitutionally vague and overbroad, including but not limited to terms such as: "apparently inoperable" and "extensively damaged".

48. These Cincinnati Ordinance statutory sections define what is a nuisance or junk vehicle in terms so vague that persons of common intelligence must necessarily guess at their meaning.

49. This vague statutory language results in arbitrary or discriminatory enforcement of the statute and has, in fact, resulted in arbitrary enforcement against plaintiff.

COUNT FIVE

(Chapter 758 and Sec. 511-31 are Unconstitutional for Violations of Substantive and Procedural Due Process)

50. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

51. CMC Sec. 511-31 and Chapter 758 are unconstitutional for failure to provide adequate due process.

52. Sections 511-31 and Chapter 758 of the CMC permit the removal and destruction of property without the benefit of adequate notice and due process.

53. The seizures of vehicles for expired tags is not justified by a sufficient purpose.

54. The notice provisions of CMC Chapter 758, specifically Sec. 758-4, reference an unstated "Junk Vehicle Public Nuisance Procedure and Hearing Policy", which is not set forth in the ordinance.

55. CMC Chapter 758 arbitrarily states that a Junk Motor Vehicle is extensively damaged if there is a deflated tire or a cracked window.

5

56. CMC Section 758-2 and 511-31 state motor vehicles can be classified as Junk Motor Vehicles merely by one flat tire or one crack in a windshield.

57. CMC Section 758-2 and 511-31 violate Article 1, Section of the Ohio constitution, depriving the property rights of Ohio citizens.

COUNT SIX (Unconstitutional as Conflict with General Law of Ohio )

58. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

59. Ohio Revised Code 4513.63 – 4513.65 is part of a statewide and comprehensive legislative enactment, applies to all parts of the state alike and operates uniformly throughout the state, setting forth police, sanitary, or similar regulations, and prescribes a rule of conduct upon citizens generally.

60. CMC Sec 758-2 states that "extensively damaged" can mean a vehicle with an invalid license plate.

61. CMC Chapter 758 does not provide the same due process protections as provided by the statute it copies; Ohio Revised Code 4513.63 – 4513.65.

62. The Ohio Junk Vehicle Law does not state that "extensively damaged" includes such conditions as deflated tires, broken or missing headlights and taillights, cracked windshields, invalid license plate, as stated in Cincinnati's version of the Junk Vehicle Ordinance, CMC Sec. 758-2.

63. CMC Chapter 758 and Sec. 511-31 are an exercise of the municipality's police power that conflict with Ohio general law, hence the Cincinnati ordinances are unconstitutional.

WHEREFORE, plaintiff, Paulette Abernathy, prays for the following:

(a) a finding that CMC Sec. 511-31 ("Storage of Unlicensed or Inoperable Vehicles") and CMC Chapter 758 ("Junk Motor Vehicles") of the City of Cincinnati City Code is unconstitutional as it is written; and

(b) a finding that CMC Chapter 511-31 ("Storage of Unlicensed or Inoperable Vehicles") and Chapter 758 ("Junk Motor Vehicles") of the City of Cincinnati City Code is unconstitutional as it is applied; and

(c) a finding that plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983 have been violated; and

(d) a finding that plaintiff's substantive and procedural due process rights have been violated; and

(e) a finding that City of Cincinnati and Calhoun, wrongly converted the property of Plaintiff, namely her white 1998 Honda Accord, and

6

(f) an award of damages to plaintiff in excess of $25,000, attorney's fees pursuant to 42 U.S.C. 1988, costs of this action, pre-judgment and post-judgment interest, and any other relief deemed appropriate by this Court.

g) an award of punitive damages.

Respectfully submitted,

/s/ Jon R. Sinclair\_\_\_\_
Jon R. Sinclair (0066136)
810 Sycamore Street, 3rd Floor
Cincinnati, Ohio 45202
513-621-3200 (phone)
513-872-9893 (facsimile)
jon@sinclairlawyer.com
Trial Counsel for Plaintiff

INSTRUCTIONS TO CLERK Please serve the Complaint on Defendants at the addresses identified in the caption.

/s/ Jon R. Sinclair\_\_\_\_

Jon R. Sinclair, Attorney, 0066136